## WIGGINS *et al. v.* BREWSTER.

1. The evidence was insufficient to establish a prescriptive title in the plaintiff or his predecessors in title, or to prove the alleged forgery of one of the defendants' muniments of title.

2. Where it becomes a material part of a case to determine whether the possession of land by a person is in his own right or that of another, evidence is admissible to show that at the time such person held a bond for title to the land.

3. The execution docket was irrelevant to any issue made in the case.

Submitted January 16,—Decided July 24, 1908.

Equitable petition. Before Judge Edwards. Polk superior court. May 2, 1907.

*Mundy & Mundy,* for plaintiffs in error.

*Bunn & Bunn* and *W. H. Trawick,* contra.

Evans, P. J. On July 26, 1902, J. S. Brewster filed his equi-table petition against J. H. West and John Cheeks, alleging that he was in possession of a described lot of land, and praying that the defendants be restrained from trespassing thereon, and that their claim of title thereto be canceled. West and Cheeks filed an answer, denying that the plaintiff had either title or possession of the land, and averring that they were in possession as the agents of Miss E. A. Wiggins, who was the true and lawful owner. By amendment Miss Wiggins was made a party defendant; and she filed an answer, denying the plaintiff's title and possession, and averring herself to be the owner of the premises; she also filed a cross-petition praying affirmative relief. The case came on for trial, and a verdict was returned in favor of the plaintiff. A motion for a new trial was made by the defendant, which was denied, and she excepted.

1. The plaintiff submitted evidence tending to show that in 1885 or 1886 J. T. Garner and T. A. Berry bargained for the land in controversy from J. O. Rogers, taking Rogers' bond for title. Soon after their purchase they cut the timber from the land. On December 2, 1890, Rogers executed a deed to J. T. Garner and T. A. Berry. Towards the close of the year 1888, Garner and Berry verbally bargained the land to James Diamond, who moved on the land, cleared about two acres, and built an inexpensive house. After two years' occupancy Diamond rescinded his contract of sale with his vendors' consent, and moved off the land. When Diamond vacated the land J. H. West moved a tenant into the house. Garner and Berry heard about it, and went on the land to forbid West's occupancy of the house. A dispute arose over the right to the possession, which culminated in a fistic encounter between Garner and West. After the combatants were separated an agreement was reached whereby Garner and Berry sold their interest in the land to W. M. & J. H. West for $55, and gave their bond to W. M. & J. H. West, conditioned to make them title on the

payment of $55 on the 15th of November thereafter. The bond was dated August 29, 1892, and was afterwards assigned as follows: "Mess. Garner and Berry: Please make deed to the within as W. A. Camp may direct. This March, 1893. [Signed] W. M. & J. H. West." This transfer was signed by J. H. West. W. M. West was the father of J. H. West, and they were partners in their farming operations. Pursuant to this transfer Garner and Berry, on March 21, 1893, conveyed the land to Lillie M. Camp at the direction of W. A. Camp. On April 1, 1893, Lillie M. Camp conveyed this with other land to the Travelers Insurance Company to secure a loan, and on February 22, 1896, she made her warranty deed to the Travelers Insurance Company. Brewster purchased from the Travelers Insurance Company, and claims the right of possession under a bond for title from his vendor.

The defendant Wiggins exhibited paper title from the State, the last link of which was a deed from W. M. West to herself, dated January 2, 1890. This latter deed was attacked as a forgery. The defendant Wiggins, having traced title in herself from the State, would be entitled to prevail in the trial, unless the evidence established that she lost her title by the adverse possession of the plaintiff or his predecessor in title. The evidence leaves an interval of two or more years from the cutting of the timber by Garner and Berry to the sale of the land to Diamond. This break in the continuity of possession prevents the possession under Diamond from being tacked to the possession evidenced by cutting the timber. From the time that Diamond left the land in 1890 or 1891, J. H. West controlled the land, though his possession was more remittent than continuous. If we admit the soundness of the argument of the defendant in error, that the bond for title from Garner and Berry to W. M. & J. H. West, and its transfer by West to Camp, was sufficient to establish that during this time the possession of J. H. West inured to Garner and Berry, still, after Garner and Berry had conveyed to Camp, the possession of West, in the absence of proof, would not be referable to a title or claim of title which he had previously transferred. The date of the transfer of the bond for title from Garner and Berry to Camp was less than seven years from the beginning of Diamond's occupancy of the land. No witness testified that West was asserting title to the land, or claiming possession under any title which he attempted to

set up. On the contrary, West testified that Miss Wiggins was a member of his household, and that at all times he was protecting and asserting her title by putting tenants in possession, and collecting the rents for the benefit of his principal. In order to be effective, the adverse possession of an occupant of land must be hostile to the true owner, and under a claim of right. There must be no recognition of title in any other person save the prescriber. From a careful perusal of the brief of evidence we think the evidence fails by this test, and is insufficient to show a prescriptive title in the plaintiff or his predecessors in title.

There was an attack of forgery made on the deed from W. M West to E. A. Wiggins, dated January 2, 1890. The deed was not recorded until a short time before the institution of the suit. It appears that on the interlocutory hearing the court ordered the deed impounded, and on the trial of the case the original deed could not be found. The only witness offered to prove the forgery was the attesting magistrate, who was unable to remember the transaction, but who said that he would not deny that he may have witnessed the deed. On the part of the defendant the other witness to the deed was introduced, and he testified that he saw the maker and attesting magistrate sign the deed, and that he signed it as a witness. Another witness also testified that the signatures of both maker and witnesses were genuine. The evidence was insufficient to show that the deed was a forged instrument.

2. The defendant objected to the bond for title from Garner and Berry to W. M. & J. H. West, with the transfer thereon, being received in evidence. The plaintiff contended that his predecessors in title had been in adverse possession of the land under color of title for more than seven years. It appeared that from the date of the transfer J. H. West had put certain tenants in the house. The defendant contended that West was acting as her agent in this regard, and the plaintiff contended that West's possession was by virtue of the bond, and therefore consistent with the plaintiff's title. The evidence illustrated this issue, and was therefore admissible.

3. The court allowed the plaintiff to introduce the execution docket showing the record of eight or ten executions against W. M. & J. H. West, over the objection of irrelevancy. Upon the disclaimer of title by J. H. West, and the coming in of the answer

of Miss Wiggins, the suit proceeded against her. We do not see how her title could be affected by the liens against third parties. We think the evidence should have been repelled as irrelevant.

*Judgment reversed. All the Justices concur.*